**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

HERVIN TALLEY,                    )
                                  )
        Petitioner,               )
                                  )
    vs.                           )        CAUSE NO. 2:17-CV-467
                                  )
WARDEN,                           )
                                  )
        Respondent.               )

**OPINION AND ORDER**

Hervin Talley, a petitioner without a lawyer, filed a successive habeas corpus petition referencing a case filed in the Southern District of Indiana, *Talley v. Superintendent*, 2:16-CV-00059-WTL-MJD (S.D. Ind. filed Feb. 22, 2016). In that case, Talley challenged his conviction and sentence by the Lake County Superior Court on December 20, 2012, under cause number 45G01-1208-FB-00077. Talley's prior petition was denied because the claims presented were all procedurally defaulted. Petitions "that have been denied based on a procedural default do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment." *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (citations omitted).

As such, this is a successive petition. However, Talley has not been authorized to file a successive petition as required by 28 U.S.C. § 2244(b)(3)(A). "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). Therefore this case must be dismissed for lack of jurisdiction.

Talley is aware of the requirement that he obtain approval from the court of appeals before filing a successive habeas petition, because the requirement was explained to him after he filed a previous successive petition. *Talley v. Superintendent*, 1:16-CV-2304-SEB-TAB (S.D. Ind. Sept. 13, 2016). He nonetheless filed this successive habeas petition without the required approval. Although he will not be sanctioned at this time, Talley is cautioned that if he files another successive habeas petition without first obtaining approval from the Court of Appeals for the Seventh Circuit, he may be fined, sanctioned, or restricted from filing cases, including habeas corpus cases. *See Montgomery v. Davis*, 362 F.3d 956, 958 (7th Cir. 2004).

Accordingly, the petition is **DISMISSED** for want of jurisdiction and the clerk is **DIRECTED** to close this case. Because this case is closed, there is no need to entertain his motion to receive electronic notice. Talley is **CAUTIONED** that filing another

successive habeas petition without first obtaining approval from the Court of Appeals for the Seventh Circuit may result in fines, sanctions, or filing restrictions.


DATED: January 16, 2018                     /s/ RUDY LOZANO, Judge
                                            United States District Court